**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BHAGWANT SINGH,<br><br>               Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 12-73448<br><br>Agency No. A089-689-388<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015**
Seattle, Washington

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

Substantial evidence supports the BIA's adverse credibility finding. The

Board of Immigration Appeals (BIA) identified three reasons for its adverse

credibility finding: (1) Singh presented inconsistent information surrounding his

political membership; (2) Singh presented inconsistent information about where he

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

was arrested; and (3) Singh's corroborative documents did not support his claim of persecution.

1.      Singh was inconsistent between (a) his first asylum application and asylum interview and (b) his second asylum application and testimony before the immigration judge (IJ) regarding his membership (or lack thereof) with Babbar Khalsa International (BKI), a designated terrorist organization. Singh was confronted with this inconsistency. The IJ reasonably rejected Singh's explanation that he was nervous, noting that the interviews occurred a considerable time after Singh entered the United States, he brought his own interpreter with him, and the asylum officer testified that he was not nervous. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The record does not compel a different conclusion.

2.      Singh was inconsistent about where he was arrested (at his home or in a field at a farm). When confronted, Singh stated that he did not remember telling the asylum officer that he was arrested in a field or, alternatively, he lied to the asylum officer, because he was nervous. Singh effectively admitted to this inconsistency, and the BIA properly relied on it. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (noting under the REAL ID Act, inconsistencies no longer have to go to the heart of the matter). The record does not compel a different conclusion.

3.      Singh's corroborative documents, even if reliable, did not corroborate his claims.  Singh does not challenge this conclusion; thus any argument is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).  Rather Singh argues that the BIA erred in concluding that he failed to corroborate his claim.  The BIA did not make this finding.  Therefore, we need not address it.  *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (noting that we our review is limited to the reasons listed by the BIA).

Accordingly, because the adverse credibility finding is supported by substantial evidence, the BIA's determination that Singh failed to establish past persecution and a well-founded fear of persecution is also supported by substantial evidence.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  The BIA also did not err in concluding that Singh's CAT claim failed.  Singh points to no other evidence to show it is more likely than not he would be tortured if he returned to India.  *Id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**